| | |
|---|---|
| BEVERLY DENISE MCKNIGHT TORNBERG, <br>     Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br>     Defendant. | Case No. 3:25-cv-00691 <br><br> Magistrate Judge Consent Case <br> Magistrate Judge Luke A. Evans |

## **MEMORANDUM ORDER**

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). (Doc. No. 8.) The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 10), and familiarity is presumed. This case comes before the Court on plaintiff's motion for judgment on the record under Rules 4 and 5 of the Supplemental Rules for Social Security. (Doc. No. 11.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security that she was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act.

## I.     Background

The Court will highlight only the facts needed to resolve the pending motion. Plaintiff applied for Social Security benefits alleging disability since February 27, 2020. (Doc. No. 10 at 21.) An Administrative Law Judge (ALJ) held a hearing on February 7, 2024 and issued an unfavorable decision on May 1, 2024. (*Id.* at 21, 40.) At Step Four of the disability analysis, the ALJ determined plaintiff's residual functional capacity (RFC) as follows:

> After careful consideration of the entire record, the undersigned finds that from February 27, 2020, through December 31, 2022, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can lift and/or carry 20 pounds occasionally, 10 pounds frequently. She can

stand and/or walk, with normal breaks, for a total of 6 hours per 8-hour workday, and can sit, with normal breaks, for a total of 6 hours per 8-hour workday. The claimant can occasionally reach overhead with the left dominant upper extremity; can occasionally push and/or pull with the left upper extremity and can frequently reach with the left upper extremity. In terms of postural limitations, she can never climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs, kneel, stoop, crouch, and crawl. She can sustain **no concentrated exposure to atmospheric conditions**, as defined in the SCO (Selected Characteristics of Occupations) as exposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin. By concentrated, the undersigned means contained in a small or narrow space or area. In terms of mental limitations, she can understand, remember, and carry out simple instructions, can occasionally interact with the general public, can occasionally interact with co-workers, can occasionally interact with supervisors, and can adapt to occasional workplace changes.

(*Id.* at 28 (emphasis added).) Based on the RFC that she determined, the ALJ concluded at Step Five of the disability analysis that plaintiff was capable of the following jobs in the national economy: Office Helper,[1] Dictionary of Occupational Titles (DOT) No. 239.567-010, 1991 WL 672232; Mail Sorter[2] (non-postal), DOT No. 209.687-026, 1991 WL 671813; and Photocopying-Machine Operator, DOT No. 207.685-014, 1991 WL 671745.

The Court has highlighted the environmental limitation in the RFC because how the ALJ determined it is the sole issue in this case. Explicit opinions about plaintiff's environmental limitations came from two agency medical consultants. One of the medical consultants, Nathaniel Briggs, M.D. (Briggs), issued a disability determination explanation on December 9, 2020. (Doc. No. 10 at 138–59.) Briggs determined that plaintiff was not disabled, but the explanation included an opinion about environmental limitations that plaintiff should "avoid even moderate exposure" to "fumes, odors, dusts, gases, poor ventilation, etc." (*Id.* at 151.) Almost a year later, on September

---

[1]     This is the title in the Dictionary of Occupational Titles. The ALJ refers to the occupation as "office clerk."

[2]     This title is one of the alternate titles in the DOT for the occupation of Mail Clerk.

3, 2021, medical consultant Glenda Knox-Carter, M.D. (Knox-Carter) issued another unfavorable disability determination explanation. (*Id.* at 163–72.) Knox-Carter's explanation included an opinion about environmental limitations that plaintiff should "avoid concentrated exposure" to "fumes, odors, dusts, gases, poor ventilation, etc." (*Id.* at 168.) The ALJ reviewed the two explanations and stated that "[i]n general, the findings are well supported by the objective medical evidence relied upon and are well explained. The consultants reviewed allegations, function reports, longitudinal treatment records, diagnostic reports, and clinical findings in arriving at their assessments." (*Id.* at 38.) The ALJ did not address the difference between the two explanations concerning environmental limitations.

The difference in opinions about environmental limitations is central to plaintiff's pending motion. Plaintiff argues that the ALJ committed legal error by failing to reconcile the two opinions about environmental limitations or by failing to explain why she chose one over the other. (Doc. No. 15 at 1.) This legal error, according to plaintiff, requires remand because "the inability to tolerate even moderate levels or dust, essentially limiting Plaintiff to very little exposure to dust, is very different from the inability to tolerate exposure to environments with highly concentrated levels of dust (or any other pulmonary irritant)." (Doc. No. 13 at 10.) Plaintiff argues that, if the ALJ adopted the Briggs opinion about moderate exposure, she would have to be considered disabled because no jobs exist in the national economy that could accommodate the severity and frequency of her allergies and chronic asthma. Among other authorities, plaintiff supports her conclusion that further explanation is necessary by citing to the agency's Program Policy Statement No. 119, titled *Titles II & XVI: Capability to Do Other Work-Themedical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15, 1985 WL 56857 (Jan. 1, 1985). Under SSR 85-15, which provides policy guidance for decisions concerning

environmental and other non-exertional restrictions, "[w]here an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, and other potentially damaging conditions." 1985 WL 56857, at *8.

Defendant opposes plaintiff's motion on two levels. With respect to the overall record, defendant argues that substantial evidence supports the ALJ's adoption of the opinion that plaintiff needs to avoid only concentrated environmental exposures. Defendant argues that the ALJ reviewed all of plaintiff's clinical records, including records documenting manageable pulmonary impairments with only occasional exacerbated periods. (Doc. No. 14 at 8.) Defendant argues further that the ALJ's adoption is consistent with the clinical records and that the ALJ was entitled to incorporate "the findings of the state agency medical consultant who had access to more recent medical records rather than the state agency who had access to less records." (Doc. No. 14 at 7–8.) Alternatively, even if the ALJ erred in failing to explain her adopted environmental limitation more carefully, defendant argues that the error would be harmless based on the jobs matched to plaintiff at Step Five. The Office Helper, Mail Sorter, and Photocopying-Machine Operator occupations do not "involve any exposure to atmospheric conditions as defined in the Selected Characteristics of Occupations." (Doc. No. 14 at 9.) Consequently, defendant argues, even if plaintiff had been "limited to no more than moderate exposure to pulmonary irritants as found by Dr. Briggs, [she] could still perform the jobs that require no exposure to pulmonary irritants. Remand would serve no purpose." (*Id.* at 10.)

## II. Discussion

### A. Review Generally

"Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether

the Secretary employed the proper legal criteria in reaching her conclusion. This Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citations omitted). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "If supported by substantial evidence, the Secretary's decision must be affirmed even if a reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. However, this deferential standard of review applies only to resolve issues of fact and credibility." *Culver v. Sullivan*, 985 F.2d 559, 1993 WL 20144, at *2 (6th Cir. 1993) (table case) (citations omitted); *see also Born v. Sec'y of Health & Hum. Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990) (citations omitted). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

### B.      Substantial Evidence Supported the ALJ's Determinations

Reading the ALJ's hearing decision as a whole, *see Betz v. Comm'r of Soc. Sec.*, No. 3:21 CV 2408, 2022 WL 17985680, at *2 (N.D. Ohio Dec. 29, 2022), substantial evidence supports the opinion that plaintiff needs to avoid only concentrated environmental exposures. Plaintiff's clinical records show occasional episodes of exacerbations in her asthma and pulmonary symptoms. (Doc. No. 10 at 567, 571, 814.) Nonetheless, the clinical records also document multiple instances when plaintiff's symptoms were resolved, uncomplicated, or seasonal. (*Id.* at 553, 557, 560, 563, 571, 575, 584.) During one clinical visit in 2021, plaintiff reported that she experienced no respiratory problems during a trip to Florida and that she felt during the trip as if she could "run a marathon." (*Id.* at 1583.) The clinical notes do not contain any recommendations that plaintiff adopt environmental limitations to the extent that she seeks here. By adopting the "concentrated"

environmental limitation, the ALJ thus implicitly rejected a more stringent limitation that would have received less support in the clinical records. *Cf. Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 471 (6th Cir. 2006) (unpublished opinion) (general statement that "there are no clinical and diagnostic findings" contrary to RFC was a supportable indirect attack on two medical opinions not mentioned explicitly); *Jones v. Comm'r of Soc. Sec.*, No. 2:12-CV-0110, 2013 WL 556208, at *4 (S.D. Ohio Feb. 12, 2013) (failure to mention consultative examiner's opinion constituted implicit rejection within ALJ's discretion) (citations omitted). The Court accordingly will not disturb an implicit finding supported by substantial evidence simply because the ALJ could have made the finding more explicit.

### C.      Any Error Concerning the Environmental Limitations Was Harmless

Alternatively, even if the ALJ erred in not explaining the adoption of the "concentrated" environmental limitation more thoroughly, the "failure to address or incorporate the doctor's finding that Plaintiff should avoid even moderate exposure to pulmonary irritants was harmless because the ALJ sufficiently identified other work in the national economy that Plaintiff could perform that did not require exposure to any atmospheric conditions." *Patricia R. v. Kijakazi*, No. 20CV1771, 2022 WL 2706107, at *7 (S.D. Cal. July 12, 2022) (failure to explain discrepancy between "moderate" and "concentrated" exposure opinions was harmless error) (citation omitted); *see also Washington v. Colvin*, No. CV CBD-15-1553, 2016 WL 3632693, at *7 (D. Md. July 7, 2016) (failure to explain rejection of "moderate exposure" opinion was harmless error, where "Plaintiff would still have the requisite RFC to perform the jobs of general office helper, inspector, and packer"). Here, all three occupations matched to plaintiff at Step Five list the possible exposure to atmospheric conditions, toxic caustic chemicals, or other environmental conditions as "Not Present—Activity or condition does not exist." The specific environmental exposures for these occupations, therefore, would be lower than either "concentrated" or "moderate" levels and thus

6

would not implicate the general policy of SSR 85-15. The ALJ would have created a problem if and only if the occupations identified at Step Five had environmental exposures higher than what the ALJ assessed in the RFC. *Cf. Patton v. Colvin*, No. EDCV 12-02091, 2013 WL 6018059, at *6 (C.D. Cal. Nov. 12, 2013) (ALJ's legal error was not harmless, where ALJ precluded "concentrated" exposure but DOT classification of job in question required "occasional" exposure up to one-third of the time). Under these circumstances, plaintiff has not made enough of a showing that she "has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (citations omitted).

### III.     Conclusion

For all of the foregoing reasons, plaintiff's motion for judgment on the record (Doc. No. 11) is DENIED. Defendant's final agency decision is affirmed. The Clerk of the Court is directed to take the steps necessary to close this case.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

7